PER CURIAM.
Defendant appeals from orders 1) denying her motion to recuse; 2) denying her motion to strike or dismiss the warrant for violation of community control; and 3) finding her in violation of community control, and from the sentence imposed as a result of that violation of community control. We reverse the trial court’s denial of the motion to recuse, and remand for new proceedings.
In a previous ease in which defendant appeared before this same trial judge on criminal charges, the judge recused himself based upon certain personal allegations made about him to his wife, by either defendant herself, or by one of her friends. At the outset of these proceedings, defendant moved to re-cuse this judge, setting forth the history of her past experience with him and averring that defendant “clearly feels that the Court in this case has a personal bias against her based on her previous contact with the Court, and the Court’s prior recusal.”
The motion for disqualification was legally sufficient, as it demonstrated “a well-founded fear that the movant [would] not receive a fair trial at the hands of the judge.” Mac-Kenzie v. Super Kids Bargain Store, 565 So.2d 1332, 1334 (Fla.1990). Recusal was clearly required here, as the trial judge had previously recused himself from a matter involving this defendant, for the same reasons set forth in the verified motion filed in this case.
Because we reverse the order denying the motion for recusal, we need not address the remaining issues on appeal which arose from that judge’s rulings on the substantive matters.[1]
Reversed and remanded for further proceedings consistent with this opinion.

. It appears from the record that the substantive proceedings below may have been seriously flawed.